IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BARRY B ADAMS,

    Plaintiff,

v.                                                          CASE NO. 1:14-cv-85-MP-GRJ

RALPH GRABEL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, who is currently an inmate at the Alachua County Jail, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C § 1983.  Doc. 1.  The Complaint is subject to screening pursuant to 28 U.S.C § 1915A, which authorizes the Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss a complaint that is frivolous, malicious, or fails to state a claim against which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.

    In the Complaint, Plaintiff names seven individual defendants.  The defendants are state judges[1], public defenders, state attorneys, and one defendant is a secretary in the public defender's office.

---

[1] One of the judges, Martha Ann Lott, is a retired judge, who is now in private practice, but the allegations of the complaint exclusively relate to her conduct while she was serving as a Circuit Judge in the Eighth Judicial Circuit in and for Alachua County, Florida.

Although some of Plaintiff's allegations are difficult to construe, the gist of Plaintiff's claims relate to a state criminal case in which Plaintiff was apparently convicted for a second degree felony. Plaintiff claims that during his state criminal case he was subject to incorrect charges, double jeopardy violations, an incorrect score sheet, and false imprisonment. As the basis for his claims he alleges that his First Amendment rights were violated, his right to due process under the Fourth Amendment was violated, his Fifth Amendment rights were violated (including his *Miranda* rights) and his Sixth Amendment rights were violated because he was denied the right to the effective assistance of counsel. As relief, Plaintiff requests that his second degree felony conviction should be reduced to a third degree felony, and for "illegal double jeopardy points dismissal off point score." While he does not make any request for monetary damages and does not request that he be released from custody, he clearly has called into question the validity of his state conviction.[2]

There are a number of problems with Plaintiff's claims. First, to the extent that Plaintiff is requesting damages for relief based upon the illegality of his conviction, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[2] To the extent Plaintiff seeks to challenge to the validity of his underlying conviction and confinement, his remedy is to pursue a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

> federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

In considering whether a claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646-48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff's complaint directly implicates *Heck*, because, among other relief, Plaintiff seeks the reduction of his sentence from a second degree felony to a third degree felony and false imprisonment for an illegal sentence. This relief, if granted, would directly call into question the validity of his criminal conviction. Accordingly, absent expungement or invalidation of his criminal conviction, Plaintiff's civil claims are barred by *Heck.*

Second, Plaintiff's claims against the defendant judges are barred by the doctrine of absolute judicial immunity. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) *quoting Stump v. Sparkman*, 435 U.S. 349,

356–57 (1978).  Absolute judicial immunity, like other forms of immunity, means a judge is immune "from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 12 (1991).  It is evident that the conduct about which Plaintiff complains involved the defendants' actions as judges presiding over Plaintiff's criminal case. Thus, absolute judicial immunity applies to all of the defendants' judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*.

In the same vein, the claims against the state prosecutors, who Plaintiff identifies as "state attorneys," and against the defendants, who Plaintiff identifies as "public defenders" cannot proceed because these individuals are immune from suit. With regard to prosecutors, "Traditional common-law immunities for prosecutors apply to civil cases brought under § 1983."  *Rehberg v. Paulk*, 611 F.3d 828, 837 (11th Cir. 2010), *citing Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler*, 424 U.S. at 430); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. "This immunity extends to Attorneys General and Assistant Attorneys General."  *Rolle v. Edmondson*, No. 3:10cv319, 2010 WL 1838242, at *1 (M.D. Fla. May 3, 2010), *citing Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999).

Further, because the prosecutorial function is cloaked with absolute immunity, with certain narrow exceptions, court-appointed lawyers are generally immune from

malpractice suits.  *Sullens v. Carroll*, 446 F.2d 1392, 1392-93 (5th Cir.1971) (court-appointed lawyers).  Thus, Plaintiff may not sue the Defendants, who are identified as state attorneys or public defenders. The allegations of the Complaint do not suggest that Plaintiff's claims would fall within any of recognized exceptions to these immunity doctrines.

Lastly, with respect to the secretary for the public defender's office, the Complaint is wholly devoid of any factual allegations suggesting that Plaintiff has a non-frivolous claim to raise against her.  The single sentence in his complaint related to her conduct states that she had a phone conversation with him while he was in jail and asked him whether he was going to sue for false imprisonment, but never told him how to do so.

Because, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief against any of the defendants, the Court concludes that amendment of the complaint would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915A as frivolous and because Plaintiff seeks relief against defendants who are immune from suit and all pending motions should be terminated.

**IN CHAMBERS** this 21st  day of August 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.